IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL STEVENS, et al.,

    Plaintiffs,                          No. CIV S-09-565 MCE KJM PS

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                      <u>ORDER</u>

/

           In this action, plaintiffs challenge the constitutionality of a law requiring monitoring of sex offenders. This court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See <u>Davis v. Mason County</u>, 927 F.2d 1473, 1479 (9th Cir. 1991).

           In this court's experience, an action brought by multiple unrelated plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. In this case, both plaintiffs are on parole, one of whom has no fixed address. Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff Stevens will proceed in this action, while

plaintiff Young will proceed in a civil action to be opened by the Clerk of the Court.  Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new action to the same district judge and magistrate judge assigned to the instant action.  The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Each plaintiff has filed a request for leave to proceed in forma pauperis. However, since the claims will be severed, each plaintiff will be given thirty days to file, in his own action, an amended complaint and a new application for leave to proceed in forma pauperis, using the forms provided by the court with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of plaintiff Young are severed from the claims of plaintiff Stevens;

2. Plaintiff Stevens shall proceed as the sole plaintiff in case No. CIV 09-565 MCE KJM PS;

3. The Clerk of the Court is directed to:

    a. Open a separate civil action for plaintiff Young;

    b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the file opened for plaintiff Young;

    d. Place a copy of the complaint filed February 27, 2009 in the file opened for plaintiff Young;

    e. Strike from the caption of each plaintiff's complaint the name of the other plaintiff;

/////

| | |
|---|---|
| 1 |       f. Send each plaintiff an endorsed copy of his complaint bearing the |
| 2 | amended caption and the case number assigned to his own individual action; |
| 3 |     4. Each plaintiff's complaint is dismissed; |
| 4 |     5. The Clerk of the Court is directed to send each plaintiff a new Application to |
| 5 | Proceed In Forma Pauperis used in non-prisoner cases; and |
| 6 |     6. Each plaintiff is granted thirty days from the date of service of this order to file |

an amended complaint and a new application to proceed in forma pauperis, using the form provided by the court with this order. Each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint." Failure to file an amended complaint or a new application to proceed in forma pauperis in accordance with this order will result in a recommendation that the nonresponsive plaintiff's action be dismissed.

DATED: April 6, 2009.

_____
U.S. MAGISTRATE JUDGE

006 stevens.sev