IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID YOUNG,

        Plaintiff,                    No. CIV S-09-941 MCE KJM PS

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        In this action, plaintiff contends certain amendments to the California Penal Code enacted in November 2006 (Proposition 83) are unconstitutional in that they violate the Ex Post Facto Clause of the United States Constitution. Plaintiff is a parolee who is required to register as a sex offender; plaintiff is presently on parole after conviction for a parole violation. At issue

/////

is Penal Code section 3003.5, which restricts residence locations for parolees who must also register as sex offenders under Penal Code section 290. The challenged section provides:

> Notwithstanding any other provision of law, it is unlawful for any person for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather.

Cal. Penal Code § 3003.5(b). Plaintiff also challenges Penal Code section 3004(b), which requires certain felony sex offenders to "be monitored by a global positioning system for life."

Under Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941), the Supreme Court recognized that in certain circumstances, a federal court should abstain from adjudicating an action when certain conditions are present. The Ninth Circuit has found Pullman abstention appropriate when three factors are met:

> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.
>
> (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.
>
> (3) The possibly determinative issue of state law is doubtful.

Smelt v. County of Orange, 447 F.3d 673, 679 (9th Cir.), cert. denied, 549 U.S. 959 (2006).

The complaint in this case "touches a sensitive issue of social policy," for it seeks to involve the federal court in state decisions involving appropriate placement of parolees, based on policies adopted by the electorate. This factor thus supports abstention. Cf. L.H. v. Jamieson, 643 F.2d 1351, 1355 (9th Cir. 1981) (abstention appropriate when "appellants propose interjecting the federal courts into issues affecting the proper care of juveniles held in state custody").

The issues raised here are currently being litigated before the California Supreme Court. See, e.g., In re E.J., Case No. S156933 (habeas petition raises constitutional challenges to

the residency requirements); see also People v. Turner, 2009 WL 725920, review filed April 30, 2009 (challenging applicability of residency and GPS provisions to parolees who committed crimes requiring registration prior to enactment of Proposition 83). If the California Supreme Court rules that the challenged provisions do not apply to parolees like the plaintiff in this case, the controversy here will be terminated.

Under the third Pullman factor, this court finds that the resolution of the question of the applicability of the challenged provision to parolees such as plaintiff here is unclear.[1] Accordingly, the court finds abstention appropriate.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (docket no. 5) is granted.

2. This action is stayed.

DATED: May 12, 2009.

U.S. MAGISTRATE JUDGE

006
young.ifp-stay

---

[1] While the court recognizes that a district judge declined to abstain two years ago in a case raising similar allegations, the subsequent habeas petitions filed in the California courts by other litigants and the reviews granted by the California Supreme Court undermine a finding at this time that the question of state law is not uncertain. Doe v. Schwarzenegger, 476 F.Supp.2d 1178, 1181 n.4 (E.D. Cal. 2007).