1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID YOUNG,

11          Plaintiff,                        No. CIV S-09-941 MCE KJM PS

12      vs.

13   ARNOLD SCHWARZENEGGER, et al.,

14          Defendants.                       ORDER

15   _____/

16          This proceeding was referred to this court by Local Rule 72-302(c)(21).  The

17   court previously stayed the action under Railroad Commission of Texas v. Pullman Co., 312

18   U.S. 496 (1941), pending a decision by the California Supreme Court in In re E.J., Case No.

19   S156933 (habeas petition raising constitutional challenges to the residency requirements of Cal.

20   Penal Code section 3003.5).  That matter has now been decided.  See In re E.J., 47 Cal. 4th 1258

21   (2010).  Accordingly, the stay of this action will now be lifted.

22          Plaintiff has filed an amended complaint.  The federal in forma pauperis statute

23   authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to

24   state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

25   immune from such relief.  28 U.S.C. § 1915(e)(2).

26   /////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in

2  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.

5  Neitzke, 490 U.S. at 327.

6    In order to avoid dismissal for failure to state a claim a complaint must contain

7  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

8  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

9  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

11  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

12  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

13  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

14  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

15  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

16  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

17  Rhodes, 416 U.S. 232, 236 (1974).

18    In this action, plaintiff contends certain amendments to the California Penal Code

19  enacted in November 2006 through passage of Proposition 83 are unconstitutional in that they

20  violate the Ex Post Facto Clause of the United States Constitution.  Plaintiff is a parolee who is

21  required to register as a sex offender; plaintiff is presently on parole after conviction for a parole

22  /////

23  /////

24  /////

25  /////

26  /////

violation.  Penal Code section 3003.5, which restricts residence locations for parolees who must
also register as sex offenders under Penal Code section 290, was amended by Proposition 83 to
provide in pertinent part:

> Notwithstanding any other provision of law, it is unlawful for any
> person for whom registration is required pursuant to Section 290 to
> reside within 2000 feet of any public or private school, or park
> where children regularly gather.

Cal. Penal Code § 3003.5(b).

The Ex Post Facto Clause prohibits, inter alia, laws that "make more burdensome
the punishment for a crime, after its commission."  Collins v. Youngblood, 497 U.S. 37, 52
(1990).  "[T]o fall within the ex post facto prohibition, two critical elements must be present:
first, the law 'must be retrospective, that is, it must apply to events occurring before its
enactment'; and second, 'it must disadvantage the offender affected by it.'"  Miller v. Florida,
482 U.S. 423, 430 (1987) (quoting Weaver v. Graham, 450 U.S. 24, 29 (1981)).  In engaging in
ex post facto analysis, a federal court "'accepts the meaning ascribed to [state statutes] by the
highest court of the state.'"  Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002) (quoting
Murtishaw v. Woodford, 255 F.3d 926, 965 (9th Cir. 2001)).

The California Supreme Court, in construing the statute at issue here, has found
the law has no retrospective effect on those persons who are paroled after the effective date of
the statute.  See In re E.J., 47 Cal. 4th 1258, 1276-78 (2010).  Plaintiff here was paroled after the
effective date of the statute and thus the statute has no retrospective effect.  It necessarily follows
that plaintiff cannot therefore state a claim for violation of the Ex Post Facto Clause.

Plaintiff also challenges the provision of his parole requiring him to be monitored
by a global positioning system.  Plaintiff alleges in a conclusory fashion that this requirement
violates his due process and fourth amendment rights.  Because of the passage of time since the
first amended complaint was filed, it is not apparent from the record whether plaintiff is
/////

1  currently subject to global position monitoring.  Plaintiff will therefore be granted leave to file a

2  second amended complaint.

3         If plaintiff chooses to amend the complaint, plaintiff must set forth the

4  jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

5  Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

6  in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

7  In addition, plaintiff must specifically allege whether he is still subject to parole and whether he

8  is subject to the challenged provisions.  Moreover, any claim for violation of due process or

9  fourth amendment rights must be supported by specific allegations showing how those rights

10  have allegedly been infringed.  The second amended complaint may not reallege an ex post facto

11  claim.

12         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

13  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

14  amended complaint be complete in itself without reference to any prior pleading.  This is

15  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

16  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

17  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

18  original complaint, each claim and the involvement of each defendant must be sufficiently

19  alleged.

20         During the pendency of the stay imposed on this action, plaintiff filed a motion

21  for preliminary injunctive relief.  The legal principles applicable to a request for preliminary

22  injunctive relief are well established.  "The traditional equitable criteria for granting preliminary

23  injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of

24  irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships

25  favoring the plaintiff, and (4) advancement of the public interest (in certain cases)."  Dollar Rent

26  A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria traditionally

are treated as alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'"  Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975) (emphasis in original)).  The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

Because plaintiff's amended complaint will be dismissed, the court cannot assess the probability of success on the merits.  Moreover, plaintiff's claim for preliminary injunctive relief was based in part on plaintiff's contention that he was being subjected to an ex post facto law, which as discussed above, is meritless.  In addition, plaintiff filed his motion during the pendency of the stay but took no action to prosecute his request for preliminary injunctive relief, undermining any claim of irreparable injury.  The motion therefore will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1.  The stay issued on May 13, 2009 is lifted.

2.  Plaintiff's motion for preliminary injunction (docket no. 7) is denied without prejudice.

3.  Plaintiff's amended complaint is dismissed.

/////

4.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  November 10, 2010.

_____
U.S. MAGISTRATE JUDGE

006
young.lta